NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
ROBYN-MARIE LYON MONTELEONE
Assistant United States Attorney
Chief, General Civil Section
RICHARD M. PARK (SBN 236173)
Assistant United States Attorney
    Room 7516, Federal Building
    300 North Los Angeles Street
    Los Angeles, California 90012
    Tel: (213) 894-3275
    Fax: (213) 894-7819
    Email: richard.park@usdoj.gov

Attorneys for Plaintiff
R. Alexander Acosta, Secretary of Labor
United States Department of Labor

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor,<br><br>        Plaintiff,<br><br>    vs.<br><br>LOCAL 9003, COMMUNICATIONS WORKERS OF AMERICA,<br><br>        Defendant. | Case No. CV 18-4739<br><br>COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |

Plaintiff R. Alexander Acosta, Secretary of Labor, alleges as follows:

## NATURE OF THE ACTION

1. This action is brought under Title IV of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. §§ 481-483 (the "Act"), for a judgment declaring that the October 27, 2017, election of union officers conducted by Defendant, Local 9003, Communications Workers of America (CWA) for the offices of President; Executive Vice President; Secretary Treasurer; Vice President – AT&T; Vice President – Verizon; two Executive Board Members – Verizon; and five Executive Board Members – AT&T is void, and directing Defendant to conduct a new election for these offices under Plaintiff's supervision, and for other appropriate relief.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 482(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1345.

3. Venue lies in this district pursuant to 29 U.S.C. § 482(b) and 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff R. Alexander Acosta is the duly appointed Secretary of Labor, United States Department of Labor. Plaintiff is authorized to bring this action under section 402(b) of Title IV of the Act. 29 U.S.C. § 482(b).

5. Defendant is, and at all times relevant to this action has been, an unincorporated association residing within the County of Los Angeles, California, within the jurisdiction of this district.

FACTUAL ALLEGATIONS

6. Defendant is, and at all times relevant to this action has been, a local labor organization engaged in an industry affecting commerce within the meaning of section 3(i) and (j) and 401(b) of the Act. 29 U.S.C. §§ 402(i) and (j) and 481(b).

7. Defendant, purporting to act pursuant to its Bylaws and the CWA's Constitution conducted an election of officers on October 27, 2017, and this election was subject to the provisions of Title IV of the Act. 29 U.S.C. §§ 481-483.

8. By letter dated November 1, 2017, to Defendant's Election Committee, Ken Slothour, a member in good standing of Defendant protested the election.

9. By letter dated November 16, 2017, the Election Committee denied the protest.

10. By letter dated December 8, 2017, Slothour appealed the decision of the Election Committee to Defendant's Executive Board.

11. By letter dated December 18, 2017, the Executive Board denied the appeal.

12. Slothour appealed the Executive Board's decision to the CWA District 9 Vice President by letter dated December 27, 2017.

13. By letter dated January 8, 2017, CWA's District 9 Vice President knowledge receipt of the appeal.

14. Having invoked the remedies available for three calendar months without receiving a final decision, Slothour filed a timely complaint with the Secretary of Labor on February 5, 2018, within the one calendar month required by section 402(a)(2) of the Act. 29 U.S.C. § 482(a)(2).

15. By letter signed April 17, 2018, Defendant agreed that the time within which Plaintiff may bring suit with respect to Defendant's aforesaid election be extended to May 14, 2018.

16. By letter signed May 3, 2018, Defendant agreed that the time within which Plaintiff may bring suit with respect to Defendant's aforesaid election be extended to May 29, 2018.

17. Pursuant to section 601 of the Act, 29 U.S.C. § 521, and in accordance with section 402(b) of the Act, 29 U.S.C. § 482(b), Plaintiff investigated the complaint and, as a result of the facts shown by the investigation, found probable cause to believe that: (1) a violation of Title IV of the Act had occurred in the conduct of Defendant's October 27, 2017 election; and (2) that such violation had not been remedied at the time of the institution of this action.

## CAUSE OF ACTION

18. Defendant violated section 401(e) of the Act, 29 U.S.C. § 481(e), during the conduct of the aforesaid election by failing to provide nominations notice reasonably calculated to inform all members of the offices to be filled in the election as well as the time, place, and form for submitting nominations.

19. Article 10 § 1(E) of Defendant's Bylaws require that "Nominations for Officers, Executive Board Members must be posted at least (15) fifteen days in advance on all Local bulletin board and website(s)."

20. Plaintiff's investigation revealed that the nominations notice was not posted at many of Defendant's work locations and few members were aware that the nominations notice was published on Defendant's website.

21. The nominations notice was deficient in that it did not identify the offices to be filled in the election and did not inform members of all forms for submitting and accepting nominations.

22. The violation of section 401(e) of the Act, 29 U.S.C. § 481(e), may have affected the outcome of Defendant's election for the offices of President; Executive Vice President; Secretary Treasurer; Vice President – AT&T; Vice President – Verizon; two Executive Board Members – Verizon; and five Executive Board Members – AT&T.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment:

(a) declaring Defendant's election for the offices of President; Executive Vice President; Secretary Treasurer; Vice President – AT&T; Vice President – Verizon; two Executive Board Members – Verizon; and five Executive Board Members – AT&T to be void;

(b) directing Defendant to conduct a new election for those offices under the supervision of Plaintiff;

(c) for the costs of this action; and

(d) for such other relief as may be appropriate.

Respectfully submitted,

DATED: May 29, 2018

NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
ROBYN-MARIE LYON MONTELEONE
Assistant United States Attorney
Chief, General Civil Section

/s/ Richard Park
RICHARD M. PARK
Assistant United States Attorney

Attorneys for Plaintiff
R. Alexander Acosta, Secretary of Labor, United States Department of Labor

OF COUNSEL:

KATE S. O'SCANNLAIN
Solicitor of Labor

BEVERLY DANKOWITZ
Associate Solicitor

RADINE LEGUM
Counsel for Labor-Management Programs

JEFFREY LUPARDO
Senior Attorney
U.S. Department of Labor

## CERTIFICATE OF SERVICE BY MAIL

I am over the age of 18 and not a party to the referenced action. I am employed by the Office of United States Attorney, Central District of California. My business address is 300 North Los Angeles Street, Suite 7516, Los Angeles, California 90012.

On **May 29, 2018** I served COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF on each person or entity named below by enclosing a copy in an envelope with postage fully prepaid, and placing said envelope in the United States mail at Los Angeles, California. The envelope was addressed as follows

> Marisa Remski
> Local 9003, Communication Workers of America
> 825 S. Victory Blvd.,
> Burbank, CA 91502

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: **May 29, 2018**, at Los Angeles, California.

DATED: May 29, 2018

*/s/ Louisa Lin*
LOUISA LIN