NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section
RICHARD M. PARK (SBN 236173)
Assistant United States Attorney
    Room 7516, Federal Building
    300 North Los Angeles Street
    Los Angeles, California 90012
    Tel: (213) 894-3275
    Fax: (213) 894-7819
    Email: richard.park@usdoj.gov

Attorneys for Plaintiff
R. Alexander Acosta, Secretary of Labor
United States Department of Labor

MICHAEL R. FEINBERG ESQ. (SBN 89193)
MICHAEL E. PLANK, ESQ. (SBN 290943)
SCHWARTZ, STEINSAPIR, DOHRMANN & SOMMERS LLP
    6300 Wilshire Boulevard, Suite 2000
    Los Angeles, California 90048-5268
    Telephone: (323) 655-4700
    Facsimile: (323) 655-4488
    E-mail: mrf@ssdslaw.com
        mp@ssdslaw.com

Attorneys for Defendant
LOCAL 9003, COMMUNICATIONS WORKERS OF AMERICA

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor,<br><br>      Plaintiff,<br><br>  vs.<br><br>LOCAL 9003, COMMUNICATIONS WORKERS OF AMERICA,<br><br>      Defendant. | Case No. CV 18-4739 JAK (ASx)<br><br>**STIPULATION FOR COMPROMISE SETTLEMENT**<br><br><br>Honorable John A. Kronstadt<br>United States District Judge |

IT IS HEREBY STIPULATED AND AGREED by Plaintiff, R. Alexander Acosta, Secretary of Labor, United States Department of Labor ("Secretary" or "Plaintiff"), having filed his complaint, and Defendant, Local 9003, Communications Workers of America ("Defendant" or the "Local Union"), having appeared by counsel and having answered, and in order to resolve this action without the necessity of further litigation, the parties hereby stipulate and agree to settlement of this dispute as follows:

1. Plaintiff brought this action under Title IV of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. §§ 481-483 (the "Act" or "LMRDA"), for the purpose of setting aside Defendant's October 27, 2017 election for the offices of President, Executive Vice President, Secretary-Treasurer, Vice President – AT&T, Vice President – Verizon, two Executive Board Members – Verizon,[1] and five Executive Board Members – AT&T, and directing Defendant to conduct a new election for these offices under Plaintiff's supervision.

2. Plaintiff alleges that the notice for nominations for Defendant's October 27, 2017 election was insufficient to satisfy Title IV of the Act (29 U.S.C. § 481, *et seq.*) and had not been remedied at the time of the institution of this action. The Local Union denies the violations alleged.

---

[1] Although Article 9 of the Local Union's Bylaws provides for one Vice President from the Verizon bargaining unit and two Executive Board members from the Verizon bargaining unit, that unit has been largely transferred to Frontier Communications as the employer of such members (there are 199 members employed by Frontier and only 39 remaining at Verizon). It is the Local Union's intent to have its Bylaws amended as soon as possible and in any event before nominations, to provide instead for one Vice President from the Frontier bargaining unit and two Executive Board members from the Frontier bargaining unit. This change will be reflected in the nominations and election process.

3. Plaintiff and the Local Union hereby stipulate and agree to entry of an order directing Defendant to conduct, under the Secretary's supervision, a new election ("Supervised Election") for the offices of President, Executive Vice President, Secretary-Treasurer, Vice President – AT&T, Vice President – Verizon, two Executive Board Members – Verizon,[2] and five Executive Board Members – AT&T on or before July 31, 2019. The parties agree that the Supervised Election will include new nominations. The parties further stipulate that:

    a. The Supervised Election will be conducted by mail ballot.

    b. On or before April 26, 2019, Pre-Election Conference invitations will be sent out to the incumbent Local Union officials, the Complainants, the opposition candidates from the previous election, the attorneys in this litigation, and the election officials for the previous and current election; provided, however, that if any Complainant, opposition candidate or previous election official is no longer a member in good standing at that time, no notice need be provided to such individual.

    c. On or before May 10, 2019, the Secretary and the Local Union will hold a Pre-Election Conference.

    d. On or before May 21, 2019, the Notice of Nominations and Election will be mailed to all members.

    e. Beginning thirty (30) days before ballots are to be mailed to members, all *bona fide* candidates (i.e., members that have informed the Union, even if informally, of their intention

---

[2] See Footnote 1 above.

3

to run for Union office) will be given an opportunity to review the Local Union's membership list.

  f. On or before Wednesday, June 19, 2019, the nomination meeting will take place.

  g. Members being nominated for office must be present at the June 19, 2019 nomination meeting or must provide acceptance of their nomination in writing prior to the start of the nomination meeting.

  h. On or before July 9, 2019, ballots will be mailed to members.

  i. On July 31, 2019, ballots will be tallied.

  j. The Supervised Election will have a 10-day protest period. Election protests must be received by August 12, 2019.

  k. The Supervised Election will be conducted in accordance with Title IV of the Act (29 U.S.C. § 481, *et seq.*) and, insofar as lawful and practicable, in accordance with the Constitution of the Communications Workers of America and the Bylaws of Local 9003, and the decisions of the Secretary with regard thereto shall be final, subject to review by the Court; and

  4. The individuals elected to office in the Supervised Election will begin their terms of office at the next regular membership meeting, following the date of the Supervised Election, in accordance with the Constitution of the Communications Workers of America and the Bylaws of Local 9003, and shall serve until the expiration of the existing terms of office, *i.e.*, November 18, 2020.

  5. As election supervisor, if the Secretary determines that any of the above-stated dates must be altered due to exigent

circumstances, the Parties will attempt to reach agreement with respect to the modification of the election schedule.  In the event that the Parties are unable to reach agreement following notice and discussion, the Secretary will have sole discretion to make such necessary modification to the election schedule, provided that the tally of ballots shall not be changed to a date earlier than July 31, 2019.

6. This stipulation is in settlement of the instant litigation and is not intended and should not be construed as an admission by the Local Union that the Local Union or any of its officers or employees or agents violated Title IV of the LMRDA.

7. All decisions as to the interpretation or application of Title IV of the LMRDA and the Local Union's constitution and bylaws are to be determined by the Secretary with respect to this Supervised Election, and his decision shall be final, subject to challenge in the Court.

8. The Court shall retain jurisdiction of this action, and after completion of the Supervised Election, the Secretary shall certify to the Court the name of the persons so elected, and certify that such election was conducted in accordance with Title IV of the Act, and insofar as lawful and practicable, in accordance with the Constitution of the Communications Workers of America and the Bylaws of Local 9003.

9. Upon approval of such certification, the Court shall enter an order declaring that such persons have been elected as shown by such certification and dismissing this action in its entirety.

10. Each party hereby agrees to bear its own fees and other

expenses incurred (or to be incurred) by such party in connection with this action, the Supervised Election, and any other related proceeding.

    11.   This written agreement contains all of the agreements between the parties hereto, and is intended to be and is the final and sole agreement between the parties.  The parties agree that any other prior or contemporaneous representations or understandings not explicitly contained in this written agreement, whether written or oral, are of no further legal or equitable force or effect.  Any subsequent modifications to this agreement must be in writing, and must be signed and executed by the parties.

///
///
///

12. The undersigned represent that each has reviewed and understands this agreement, and that each is fully authorized to enter into the terms and conditions of this agreement and that each agrees to be bound thereby.

DATED: February 6, 2019

NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section

/s/ Richard Park
RICHARD M. PARK
Assistant United States Attorney

Attorneys for Plaintiff
R. Alexander Acosta, Secretary of Labor, United States Department of Labor

DATED: February 6_, 2019

SCHWARTZ, STEINSAPIR, DOHRMANN & SOMMERS LLP

/s/_Michael R. Feinberg
MICHAEL R. FEINBERG
Attorneys for Defendant
Local 9003, Communications Workers of America

ATTESTATION UNDER LOCAL RULE 5-4.3.4

I, Richard Park, am the ECF User whose ID and password are being used to file this Stipulation. In compliance with Local Rules 5-4.3.4(a)(2), I hereby attest that Michael R. Feinberg has concurred in this filing.

DATED: February 6, 2019

/s/ Richard Park
_____
RICHARD M. PARK
Assistant United States Attorney